UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 2:17-cr-83-FtM-38MRM

DILLON SHUTT
_____/

## **OPINION AND ORDER**[1]

Defendant Dillon Shutt has moved to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B) and 18 U.S.C. § 4241(a). (Doc. 33). On June 5, 2018, the Court held an evidentiary hearing on Shutt's motion. (Doc. 80). Because the parties did not finish presenting their testimony and evidence in the single day allotted for the hearing, the Court will finish the hearing in two weeks. At the close of the hearing on June 5, the Defendant called Dr. William Kuzbyt, a licensed psychologist. Dr. Kuzbyt is the subject of this Opinion and Order.

Dr. Kuzbyt conducted a competency evaluation of Shutt and prepared a written report of his findings. (Doc. 69). At the hearing, Dr. Kuzbyt outlined his education, degrees, training, and professional experiences. The Government conducted a voir dire examination of the witness concerning his qualifications in the field of forensic psychology and objected to Dr. Kuzbyt testifying as an expert. From the Government's questions, the Court learned that Dr. Kuzbyt has not been accepted in any Florida court as a forensic

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

expert on adult competency matters. Although Dr. Kuzbyt did testify in Maryland as an expert, he did so nearly twenty years ago and before he earned a doctor of psychology. Dr. Kuzbyt is not a member of any professional forensic association. Nor is he Board certified as a forensic psychologist. This lack of certification is consistent with Dr. Kuzbyt not becoming an approved adult competency evaluator in Florida state court. Because of Dr. Kuzbyt's lack of forensic training, the Government objected to him testifying about Shutt's competency. The Court agrees – to an extent.

Dr. Kuzbyt has been a licensed psychologist in Florida since 2010. He holds several higher education degrees in psychology. He also teaches undergraduate-level psychology courses at Barry University and is a member of the American Psychological Association and Florida Psychological Association. Consequently, the Court will allow Dr. Kuzbyt to testify as an expert in the field of psychology, specifically clinical psychology. He can testify about the screening tests he administered to Shutt during their two meetings and corresponding results, as such testimony is clinical in nature. He can also testify to his observations of Shutt's behavior, ability to interact, communication skills, and the like. But the Court draws the line there.

Shutt has not met his burden to show that Dr. Kuzbyt is an expert in forensic psychology so that he could offer an opinion on Shutt's competency. *See, e.g., United States v. Frazier*, 387 F.3d 1244, 1266 (11th Cir. 2004) (finding "the district judge acted well within that range [of abuse-of-discretion] in finding an insufficient nexus between the experience proffered by the expert and the essential opinion propounded"). At best, Dr. Kuzbyt's recent experience in the forensic setting is limited to guardianship work – not competency. Dr. Kuzbyt admitted that he (1) is not a forensic psychologist; (2) is not

Board certified in forensic psychology; (3) has never testified in a Florida court on competency; (4) did not complete Florida's forensic examiner training; and (5) is not an approved adult competency evaluator in Florida state court. Although Dr. Kuzbyt need not be on any state court's list of approved competency evaluators to testify in federal court, his absence from the list shows that his experience and knowledge is in clinical psychology, not forensic psychology.

Even if the Court were to allow Dr. Kuzbyt to opine on Shutt's competency, his opinion has a major defect – Dr. Kuzbyt never listened to or reviewed the transcript of Shutt's change of plea hearing. The Court cannot ignore this deficiency because Dr. Kuzbyt opines that Shutt was not competent at the time of his change of plea hearing. (Doc. 69). The Court is hard pressed to find Dr. Kuzbyt's opinion reliable when he has not reviewed a central filing in the record. Consequently, the Court will exercise its discretion to narrow the scope of Dr. Kuzbyt's testimony at the upcoming hearing as consistent with this Opinion and Order.

Accordingly, it is **ORDERED:**

Dr. Kuzbyt may only testify at the June 20, 2018 hearing on matters of clinical psychology, including, but not limited to, the tests he conducted on Defendant Dillon Shutt and the corresponding results. But Dr. Kuzbyt may not testify as to Shutt's competency at the time of the change of plea hearing or to date.

**DONE AND ORDERED** at Fort Myers, Florida, this June 7, 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record